23-11265 United States of America v. Carlos Ray Kidd We will hear first from Mr. King. May it please the court. My name is Michael King and I represent the appellant, Carlos Ray Kidd. Of the three issues that are addressed in appellant's brief, I will be focusing on the first issue, which is whether a 16-year delay in the imposition of Mr. Kidd's sentence is a violation of the due process right to a speedy sentencing and or a violation of Federal Rule of Criminal Procedure 32, which requires sentence to be done so without an unreasonable delay. In order... I'm sorry, Your Honor. Your client was in prison the whole time. That is correct. For the federal offense, he was in for the state offense. That is correct, Your Honor. However, while... During the 16-year delay, Mr. Kidd has no what's been referenced as dead time. He is serving different sentences. However, it is appellant's position that that doesn't mean that there's not harm that has been done to Mr. Kidd. What is it? The first harm, Your Honor, is that when this case was vacated, Judge Robinson was on the  Over the 16 years, she is no longer on the bench. At the initial sentencing, Judge Robinson, as is stated in the briefs, unequivocally stated that Mr. Kidd is granted acceptance of responsibility. Well, I mean, the judge did that, but the judge did it because the judge thought that it wouldn't make a difference. I mean, I don't know that it was unequivocal. Your Honor... But was the district court not free to disregard or change its mind when we got to the resentencing later? Yes. I agree with the court that Judge Hendricks had the ability to change his mind, which is our argument that he did. But . . . I assume that he did, but he also had the benefit of a decade and a half more experience with the defendant. I mean, in other words, what I read or what I recall is that Judge Hendricks did a broader inquiry than what Judge Robinson did, I guess, sixteen years prior. In other words, the district judge, again, was free to consider all those other things, right? Those are sixteen years that Mr. Kidd did not ask for. I understand that, but isn't a district court allowed to consider events that happen or the broader context of things in between sentencings? Yes, Your Honor. It is not our argument that the district court, that Judge Hendricks, could not have considered those factors. I mean, that led to the district court's changing its mind about the acceptance of  Which, to go back to Judge Clement's question, does demonstrate actual prejudice in this case. But how so? Because instead of being sentenced without unreasonable delay after his conviction, now we're addressing in this courtroom this sixteen-year period with which Judge Hendricks had the opportunity to review. That is not the orderly imposition of a sentence in this case. Additionally, Judge Clement, regarding the prejudice, not every case requires prejudice. As the briefs has explained, and we disagree with the government, that the government states in their brief that sentencing requires actual prejudice. The case that the government relies upon, United States v. Wray, actually demonstrates the exact opposite. The Second Circuit in United States v. Wray says, absent extraordinary circumstances, actual and substantial prejudice must be demonstrated. And then the Second Circuit goes and rules fifteen years is an exceptional circumstance. It is extraordinary. That was fifteen years. Mr. Kidd's case is sixteen years. So you're traveling on the gap itself? I think both, Your Honor. Absolutely, the sixteen-year delay creates a situation where prejudice is presumed. The court in Doggett found that the lengthy delay, the longer the delay, the greater the presumption of prejudice. This very court in United States v. Washington found that prejudice can be presumed. Time and time again, the longer the delay, the greater the presumption of prejudice. I have not found, Appellant did not find a case that extended greater than sixteen years than what Mr. Kidd has faced. So certainly, if the five-year delay, if the eight-year delay, if the eight-and-a-half-year delay, if Mr. Ray's in the Second Circuit's delay of fifteen years creates a presumption of prejudice, certainly the sixteen-year delay does. So we are asking this court to find whether it's actual prejudice or whether it is the presumed prejudice that Mr. Kidd has absolutely been harmed. And broader than just the impact on Mr. Kidd is the appearance of an unfair judicial proceeding. To state to your neighbor that a criminal defendant was delayed sixteen years, that due process requires that fundamentally fair sentence. And when we have a sixteen-year delay, that that creates that situation of a fundamentally unfair sentence that cannot be accepted. Well, that fundamental fairness, though, the Supreme Court, I guess we're talking about Betterman, right, and the Supreme Court mentioned prejudice as one of the possible elements to assess this. So I don't think they necessarily conflate into each other. But where were Mr. Kidd's lawyers when the remand happened from our court? Nobody brought this to the court's attention. How much of that falls on Kidd's doorstep? Zero, Your Honor. How so? The courts have consistently held that it is the government's responsibility to bring a defendant to sentencing. Mr. Kidd, at the point that the case is vacated, for what can be seen from the record, is no longer having the representation of counsel. So that's... Represented on the appeal? I'm sorry, Your Honor? Represented on the appeal? He was by the Federal Public Defender's Office, Your Honor. So he doesn't bear any responsibility, I guess, through his counsel, of just dropping the ball once there's a remand? Certainly a ball was dropped. The government argues in their brief that there's enough blame to go around. However, when you look at the cases that are decided by the circuits, the defendant cannot be blamed, especially when the defendant does not have knowledge. There are cases that exist that show that the defendant had knowledge. He does bear some responsibility in that request. But in the case presented before the court today, both parties seem to agree that by Kidd's own filings, it's apparent that he does not understand that his sentence has been vacated. Well, he has no knowledge, but he's also arguing on appeal that he suffered anxiety and uncertainty and all those things as a harm, that those two things can't square. I agree, Your Honor. And I would move away with the argument. I'm sorry, Your Honor? I would state for the court that the more correct answer, the argument that he faced anxiety is inappropriate that he faced it during the 16 years. Being brought back for a sentencing 16 years after the sentence was imposed creates anxiety. But that leads me back to Judge Clement's question. What anxiety? He would have been in jail either way. Would he not have? Your Honor, what we've seen is... In other words, he didn't lose any time, no dead time, but this sentence hadn't even started and would not have started. Would it have? On October the 29th, and to answer the question, on October the 29th, the government submitted a Rule 28J letter again modifying Mr. Kidd's sentence. But none of that has to do with Texas, that's North Dakota. It has to do with the, when Kidd's initial sentence was imposed in front of Judge Robinson, there was not a federal sentence in North Dakota. So now when the sentence is imposed in front of Judge Hendricks in the Northern District, now Judge Hendricks imposes a sentence consecutive to the North Dakota sentence that has now been imposed because we have a 16 year delay. But how's that prejudicial? Because the North Dakota federal court imposed its five year sentence to be consecutive to the Texas five year sentence. They just leapfrogged each other, but the time is still the same. The Bureau of Prisons has seen that it makes a difference because they have continued to recalculate his sentence, not prior to Judge Hendricks' sentencing, but after Judge Hendricks'  We've seen two modifications to Mr. Kidd's sentence. Those modifications do not occur prior to the re-sentencing. They have occurred after the re-sentencing. And while the difference of a month could be argued to be negligible, but for Mr. Kidd trying to determine when he's actually going to get out of prison. But how does that feed into prejudice or any sort of harm resulting from the re-sentencing? We don't consider things post-re-sentencing, do we? This sentencing should have been conducted in a timely fashion, as required by Rule 32 of the Federal Criminal Procedure, Rules of Federal Criminal Procedure, and as required by due process. Had that happened, then we're not here. But had that happened, what would be the difference? I guess I'm still struggling to figure out what the prejudice is. The sentence, to directly answer the question, Your Honor, the sentence would have been imposed the Bureau of Prisons would have made the determination and we wouldn't, in 2024, the Bureau of Prisons be recalculating their sentence. Sentences should be final. The government needs finality. My clients need finality. Society needs finality. What we have seen in this situation is the government bearing the burden to ensure that the person who's re-sentenced has created a situation that lacks finality. And that does impact. One of the reasons it lacks finality is he keeps getting sentenced for new offenses, such that this is a Rube Goldberg's machine of trying to figure out which sentence runs where. I mean, I don't know if I can countenance the idea that there's no finality here and it's the government's fault because they didn't sentence a fellow who's continually racking up new sentences. In other words, I'm just trying to figure out, okay, so there's no finality. I credit you that this was ridiculous that it took 16 years to re-sentence him. He fell through the cracks. Shouldn't have happened. But as far as what the remedy is, I'm struggling to see it. The remedy as prior to the Betterman decision. Had this happened in 2014, prior to United States v. Washington, that this court decided? Prior to the Betterman decision in 2016, the answer was easy. The answer shows that the sentence should be vacated. And we are asking, that's what we're asking for this court to do, is to vacate the remainder of Mr. Kidd's sentence. You don't mean vacate. You mean reverse and render. You mean he can't be sentenced. Your Honor, at this point, Judge Oldham, we would ask that whatever remedy this court fashions, would we argue that the dismissing of the indictment would be appropriate after 16 years? I would consider dismissing the indictment would be appropriate. In looking specifically at what the courts have previously done, especially in the sentencing context, the vacating of the remainder of the sentence certainly is what this court had previously done prior to 2016. The resolution in United States v. Washington was to vacate the remainder of the sentence. And the reason the whole sentence goes away is because he never started serving any of the sentence before he was resentenced. In other words, again, no dead time, or he's not halfway through the sentence, and we vacate the rest, you're free to go. He never started this sentence until he was resentenced. So you can't, you're not asking to start from now. That seems like what you're doing. If you want to ignore the fact that the sentence was not imposed, impose it now, you're going to start over again? No, Your Honor. What we're asking this court to do is to vacate the remainder of his sentence. The 28-J letter that has been provided by the government that explains the Bureau of Prisons calculation, at the current point, the Bureau of Prisons has credited Mr. Kidd with beginning to serve a portion of his sentence on this case. They have started that. What we are asking this court to do is to find that the remainder of that sentence at this point should be vacated. Not to start his sentence over, not to start any of the sentences over, but at this point to vacate the two, and I don't have the exact calculation today, obviously it changes every day, but the approximately two and a half years that remain on the service of this sentence to be vacated at this time. Can I ask you a clarifying question about the way that you, about the brief you filed? So the brief talks all about Barker v. Wingo, says apply the Barker factors, apply the Barker factors, which we're not really talking about very much this afternoon. So number one, I would like to understand why. But two, two of those Barker factors, I want to make sure I understand your position on them. One is, did you timely assert the right? And I gather that the position is that Mr. Kidd did not. And then the fourth one, that's the third of the four. And then the fourth factor is, what was the prejudice? And I take from the brief, there's nothing in here about presumptions of prejudice for delay. It just says, yeah, like he wasn't prejudiced, but that shouldn't change it because the delay was really long. I don't mean to be oversimplifying it, but I just want to make sure I understand. One, you still want us to apply Barker. Two, am I understanding correctly your position on a timely assertion of the right and prejudice? Yes, Your Honor, and I have 20 seconds. I will briefly respond and then conclude within the rebuttal. It is our argument that the Barker factors still apply. Justice Sotomayor and the concurrence sets this case up to apply the Barker factors. There is, the cases that have not applied the Barker factors use a modified, what we refer to as a modified events approach. What those cases are looking at are the reason for the delay and prejudice. And so they've essentially combined the three first Barker factors into this reason for the delay, still requiring a prejudice. So it is our argument that the Barker factors do apply. In looking at United States versus Cardona, that is the case that specifically says that a defendant's lack of knowledge of his situation is not to be held against him. So to the third factor, Your Honor, that Mr. Kidd does not assert his right, that fact actually weighs in Kidd's favor because he didn't even have the knowledge that he had not been sentenced in this case. And as obviously, not obviously, that has been previously stated, the prejudice of the 16 year delay, the cases have found that that substantial amount of delay equates to a presumed prejudice that can be applied in this case. Thank you, counsel. You've saved time for rebuttal. We'll hear next from Ms. Hayworth for the United States. May it please the court, Gail Hayworth on behalf of the United States. The court should reject Kidd's due process claim because he cannot show that he's entitled to relief under any framework. Not under the Crouch test and not under the Barker factors. There are very good reasons why this court should apply the Crouch test, which it first articulated in the context of pre-accusation delay in this context. And that's just based on due process principles announced in Crouch. Which is that historically, the due process clause has been applied to deliberate decisions by the government, not lack of due care. And that the due process clause is concerned about fundamental conceptions of justice. And when you are looking at that, you're looking at, is the delay like delay that is caused by the government intentionally to gain a tactical advantage over the defendant? What is the penalty for violating rule 32? There, as far as I can tell, based on the case law, there is no, I haven't seen any case saying what the penalty is. Or- It's empty language. It's empty language. Maybe not necessarily empty language. There is some language in the rule that suggests it was given to the court so that they could impose deadlines for the pre-sentencing investigation process. But there's also language in that it's the 1994 amendment to the rule that suggests that it wasn't intended to give the defendant any sort of right. Just to give the court, to know the court that needs to move things along and can set deadlines. I mean, you'll agree it's a little odd, though, that there's no remedy when there's a 16 year delay. And I mean, pick your year, but 16 years is pretty extreme. 16 years is long. Don't think it meets rule 32. But the case law has an outlined, if the analysis is different from the due process, what is the standard? If it violates the rule but not due process, what is the remedy? There's been no case law that I can see that outlines that. And the defendant never really even asked for a remedy under rule 32 until his reply brief. His initial brief was all about the due process clause, and that's what he's briefed. So to the extent he's asking for the first time that there should be some remedy under rule 32, this court can deny it as waived by not being initially raised in his initial brief or inadequately briefed. Why in the world didn't the government follow up on the resentencing? I mean, if that happened in district court, you'd think that the clerk's office would pester you to death to set it. So I can't imagine how this got by so many professionals. The record doesn't indicate the reason, and unfortunately, the individuals involved are gone, so I can't ask them. So I can't tell you, what the district court found was that it was an inadvertent oversight by the court. As far as why that oversight happened on behalf of the court and all the attorneys involved, I can't tell you. Maybe perhaps it was complicated by all the other sentencing and charges he was facing at the time, and somehow it got lost in that. But I don't know exactly why the reason was. But it does appear to be inadvertent, an accident, a good faith mistake, and under the Crouch test, that would not satisfy. So it's your position, and you went through that it needed to be an intentional action by the government to gain an advantage, something deliberate. So does prejudice even matter? Is that your position, that it really doesn't matter because there was no evidence of deliberate stratagem here? If the court goes with the Crouch test, yes, because there was no bad faith, you wouldn't have to look at prejudice. But if the court decides to go with the Barker factors, prejudice would matter, but there's no evidence of prejudice here. So regardless of the framework, there would be no due process violation. What framework should we go with? The department has not taken an official position, but there are very good reasons to go with the Crouch test. Not just because of the due process principles announced in there, which seem to apply wherever the due process clause is applied. But as well as there are good reasons to think that a defendant at this stage of the proceedings should have at least as heavy a burden as the accused at pre-accusation delay in showing a due process violation. And that's because at this stage of the proceedings, the defendant is no longer presumed innocent. He has been proven guilty, and therefore he has a diminished liberty interest. And society has an increased interest in making sure that those who are convicted are sentenced. Beyond that, at this stage of the proceedings, he has also received a lot of due process. He got, for sentencing delay in general, they've already received a fair and speedy trial or plea hearing. And Mr. Kidd received a prompt initial sentencing and appellate review. So he's already received a lot of due process. Well, but that's sort of, but for that, Ms. Lincoln, how was the play? I mean, if he were sentenced again around the 08 timeframe, he would have had one state sentence, right? At that point, the district court could have said, it's consecutive to this state sentence. It's consecutive to any state sentence. It was sort of presumed in 2015 or so that it would just be consecutive to all the state sentences. I think that was an administrative BOP decision when the district court didn't respond, right? But is there prejudice lurking in there? I mean, if his sentence would have begun in 2011 when he got out of his first state sentence, he would have finished it in 16. The North Dakota sentence would have gone from presumably 16 to 21. I'm doing math in my head, so this is a complicated situation, right? Would he not be free today? If that had happened and the sentences would have been consecutive, the two federal sentences, his state sentences would have been ongoing, however they were ongoing. But in any event, they ended in 2021 when he was paroled. So is that prejudice, that he would be free today and would have been free since 2021 as opposed to still in prison until 26? No, it's not, because when the BOP and the state officials were calculating when to run sentences when, everyone was operating on the assumption that there was a final sentence, in this case, 60 months. But that assumption was wrong. That assumption was wrong. But it gives us the ability to imagine what would have happened if he was timely resentenced. And the state officials and the BOP would have calculated the sentence the same way. Is it enough to imagine with a man's liberty? I'm sorry? Is it enough to imagine with a man's liberty? Yes, because it's as if that hypothetical actually played out, as if he had been timely resentenced. And then what are the BOP and what is the state officials? How are they running the sentences consecutively, et cetera? You're traveling under 3584, and that's sufficient? I'm sorry? I'm sorry. You're traveling under 3584, the statute that talks about what happens if the district court doesn't say what's consecutive, what's concurrent. Is that enough? Yes, and based on what the state officials were deciding, that he was going to serve all his state sentences before they brought him over to BOP to serve his two federal sentences. And they were making that determination, all thinking that he had already received his sentence. So it gives us what would have happened if he had already received his sentence. They were making that determination at that point. But even if this court... So under the Crouch test, the defendant can't satisfy that because he can't show bad faith. But even if this court decides not to apply the Crouch test and apply the Barker factors, he still can't show a due process violation, especially when you look at those factors through the due process analysis and principles that were announced in Crouch. The length of the delay. Yes, it was long. It was significant. But that alone cannot support a due process violation. Even in Wray, where there was a 15-year resentencing delay, the court denied the relief that the defendant asked for in his initial brief, which is even on a 15-year resentencing delay, where there was prejudice, the court was not going to dismiss the indictment. And that case depended primarily on the substantial and actual prejudice that was demonstrated in that case, which the defendant cannot show here. The reasons for the delay. The court's inadvertent failure to schedule the resentence hearing and all the parties' failure to raise their hand and tell the court about the issue weighs only slightly against the government. Crouch suggests that the government's negligence doesn't weigh at all in the analysis. But even under the Sixth Amendment speedy trial analysis, it would constitute a neutral factor that only weighs slightly against the government. So looking at that factor with the lens of the due process analysis, it would receive even less weight. Kidd did not diligently assert the right to a prompt resentencing. Now, he argues that he didn't know about it. But at the time of the remand, he was represented by counsel, and his counsel knew about it, and they didn't alert the court. And that counts against him as his agent. As far as he did know, what he did know was that he had filed an appeal, and he was appealing his sentence. And it's a minimal burden to ask a defendant who is appealing his sentence to, at some time, follow up with his attorney and figure out what the result of that appeal was. And so that's even assuming his attorney never told him about the results of his appeal, which is questionable. It's just a minimal burden to ask him to follow up and find out what that was. And having not fulfilled that minimal requirement, and his attorney not raising his hand about it, does not show sufficient diligence in asserting the right to a speedy resentencing. Cue can also cannot show prejudice. The district court found that the defendant was not prejudiced, and that's amply supported by the record. The defendant received the same sentence he received at the initial sentencing, and all the time he served during the delay was credited towards some sentence. So the delay did not cause him to serve one extra day in prison that he would have not otherwise served outside of the delay. He suffered no anxiety, as he now admits, during the sentencing, and he does not allege that the delay impaired his defense in any way, that he lost witnesses or evidence. And the record shows that he actually used the delay to his advantage to argue for a below-guideline sentence, to argue for a downward variance to a sentence of time served, based on the delay itself and the events that occurred during the delay. Now, he also argues that the delay prejudiced him because he could have been sentenced under Judge Robinson, who found that he accepted responsibility. But that's not accurate. Judge Robinson granted him the acceptance of responsibility point because she mistakenly thought that it wouldn't make a difference, that even with the reduction, his guidelines would have been above the statutory maximum. But that wasn't true, and that's why the court remanded back to the district court so that she could make a determination based on acceptance or responsibility. And there's very good reason to think that she would have denied that based on the evidence, the case law, the guideline commentary, and the probation officer's recommendation, was strongly supported denying the reduction based on the defendant's continued criminal conduct after the offense of conviction. So not only is it highly improbable that Judge Robinson would have granted the reduction, it is, at the very best, speculative, which is not enough to support prejudice and to support a due process violation. Well, that's irrelevant, isn't it? Because the district court was free to reconsider on re-sentencing all the factors, all the considerations, right? Yes. And I do want to note that he was not prejudiced by the court considering conduct that happened during the delay. Judge Hendricks denied the acceptance of responsibility based only on the evidence that was before Judge Robinson at the time. So only based on the fact that he sent threatening letters in March 2007. So that was the same facts before Judge Robinson. So he was not prejudiced by additional facts coming in that happened during the delay in denying that reduction. Who were the letters to? He sent them to judges? He sent them to prosecutors. What? Prosecutors? Yes. And then the North Dakota offense, which is separate, he sent to a judge. So, in short, balancing the Barker factors and looking at them through the proper due process analysis, he cannot show a due process violation. The government did not act in bad faith. It was an inadvertent oversight that does not weigh heavily against the government. He did not act diligently in asserting his right to a speedy resentencing. And the fact that he initially seeks to dismiss the indictment and vacate his sentence weighs heavily against him. The fact that he didn't act diligently, therefore, weighs heavily against him based on the relief he's seeking. And he cannot show actual substantial prejudice. So if the court has no further questions. To affirm. Thank you, counsel. Mr. King, you have five minutes remaining for rebuttal. Your Honor, I would first like to distinguish the cases relied upon by the government in which the appellant is required to show intentionality by the government. Those cases primarily start with Lovasco. They go through Crouch. Those cases that require intentionality by the government are all pre-indictment cases. The Supreme Court in Lovasco sets out a litany of an explanation as to why the pre-indictment situation is different. The main point that separates the pre-indictment situation from the situation we are in right now is the statute of limitations. The courts starting with Lovasco say the primary protection against a pre-indictment delay are the statutes of limitations. The statute of limitations do not apply in the sentencing context. We have Rule 32. Do you have any response to the government's principal contention, which is we should have some sort of different speedy trial test for people after they've been found guilty? Your Honor, what Justice Sotomayor explains is that the Barker factors are flexible enough that they apply in multiple situations. We disagree with the fact that the government makes the argument that any time due process is raised, intentionality is required. We submitted a Rule 28J letter yesterday morning that highlights for a seizure of property and the delay in the hearing on the seizure of property, the courts did not require intentionality. The idea that intentionality somehow applies to all Fifth Amendment due process claims, we disagree with. To look at the factors behind the distinction between the pre-indictment delay, the Supreme Court explains that the government has the ability of conducting a further investigation. It distinguishes the probable cause standard for an arrest, the beyond a reasonable doubt standard for a conviction. That if the courts come in and say to the government, you have to apply, you have to make the arrest when you have probable cause, you have to file the indictment, that that runs afoul of the separation of powers. It doesn't allow the government to do their job. There's no excuse for a 16-year delay in sentencing. There's just no excuse. The government made the argument or insinuated that somehow Rule 32 is not incorporated within the due process. The Second Circuit specifically explains, and I believe Judge Oldham, it was your question, then what? What does Rule 32 mean if it's not going to be enforced? And the Second Circuit explains that. The Rule 32 explains the right, sentencing without a necessary delay. How do we fix it? The Fifth Amendment right to due process, right? The Fifth Amendment gives us the ability to do it. And to conclude, many questions were asked about prejudice. We again highlight time and time again, from the Supreme Court to the Fifth Circuit to the Second Circuit, the courts say the longer the delay, the greater that we can presume prejudice. What is the delay in a 16-year becomes pretty difficult to explain. I've struggled to stand up here and explain the actual, physical, concrete delay. And that's why the Supreme Court in Doggett says, the longer the delay, the greater that we can presume the prejudice. We ask this court to follow the history within not only this court, but also the Supreme Court. To remind this court again that had this case been brought before United States versus Washington, the sentence is the same. We are asking this court to find that a violation of kids due process right has occurred, that a violation of Rule 32 has happened, and that the resolution, that the solution for that would be the fix of vacating the remainder of his sentence. Thank you, Your Honors. Thank you very much. Mr. King, the court notes that you are appointed under the Criminal Justice Act, and you have done an extraordinary job on behalf of your client, Mr. Kidd. So you have our thanks. Thank you, Your Honor. Very much. The case is submitted. Thank you.